DECISION OF DISMISSAL
This matter is before the court on Defendant's request for dismissal, included in its Answer filed January 29, 2008. Defendant asserts that the Complaint should be dismissed because Plaintiff's appeal rights expired. The dismissal request was heard by the court on February 27, 2008. Plaintiff was represented by John P. Sullivan, Licensed Tax Consultant, and testified on her own behalf. Defendant was represented by Maribel Luna (Luna).
Plaintiff's 2006 Oregon income tax return included claims for the working family child care credit and the dependent child care credit, based on reported child care expenses of $3,400.
Defendant sent Plaintiff a letter dated February 27, 2007, requesting additional information related to the claimed credits. That letter asked Plaintiff to provide proof of payment which "may include copies of your canceled checks, a detailed year-end summary issued by the child care provider or signed receipts from the child care provider." (Ptf's Compl at 6.) Plaintiff was also asked to provide a completed copy of her Schedule WFC. Plaintiff was given 30 days to provide that information. Plaintiff responded to that request on March 2, 2007, and again on March 3, 2007, by faxing to Defendant a year-end provider's statement and a Schedule WFC.
Defendant apparently deemed that information insufficient and, on June 22, 2007, sent Plaintiff a Notice of Proposed Adjustment and/or Distribution (Notice) denying the credits. That *Page 2 
Notice included a statement of appeal rights that advised Plaintiff she could either appeal to the Department of Revenue (Department) within 30 days of the date of that Notice by filing a written objection or requesting a conference, or wait 30 days and appeal to the Magistrate Division of the Oregon Tax Court within 120 days of the date of that Notice.
Plaintiff appealed Defendant's June 22, 2007, Notice to this court on December 28, 2007 (postmark date). Defendant subsequently moved for dismissal, asserting that the Complaint was not timely filed as required by ORS 305.270 and ORS 305.280.
ORS 305.270(5)(b)[1] provides that a notice of proposed adjustment "shall be final after the period for requesting a conference or filing written objections has expired." That "period" for requesting a conference or filing objections is 30 days. ORS 305.270(4)(b). ORS305.280(2) provides that "[a]n appeal from a proposed adjustment under ORS 305.270 shall be filed within 90 days after the date the notice of adjustment is final." To summarize the above, a taxpayer receiving a notice of proposed adjustment can either file an administrative appeal with the Department within 30 days of the date of that notice, or wait until the 30 days has transpired, and appeal to the Tax Court within 90 days of the date that notice becomes final, which can generally be calculated as 120 days from the date of the notice.[2] Plaintiff's 120-day Tax Court appeal *Page 3 
deadline was October 22, 2007.[3] Plaintiff appealed December 28, 2007, more than two months after the deadline.
Plaintiff testified that she went immediately to her tax preparer, Colleen Phelps (Phelps), for help after receiving Defendant's June 22, 2007, Notice. She executed a power of attorney authorizing Phelps to receive confidential information from Defendant. Thereafter, Plaintiff phoned Phelps for weekly updates and was advised that Phelps was still working on the matter and could not get a straight answer from the Department. Phelps ultimately called Plaintiff in mid-December 2007 advising her that she needed to file an appeal with the Tax Court. Plaintiff promptly appealed. Unfortunately, that appeal was filed two months after the applicable deadline.
Plaintiff is unhappy with Defendant's position in this case because she promptly responded to the Department's February 2007 request for information, providing exactly what the department had requested. Luna responded that the Department's February letter merely stated that acceptable proof "may include * * * a detailed year-end summary issued by the child care provider," but that there was no guarantee that the Department would find such information satisfactory.
Finally, Plaintiff explained that she was relying on her tax preparer and had made every effort to take care of this matter in a timely fashion. The court agrees that Plaintiff timely responded to Defendant's initial information request and, according to the testimony, appears to have acted promptly once Phelps advised her she should appeal to the Tax Court. However, Plaintiff's mistake was in entrusting the matter to her preparer until a time beyond the 120 day deadline for appealing to this court. There is no provision in the statute authorizing the court to *Page 4 
waive or excuse the appeal deadline where a taxpayer relies, to her detriment, on her preparer. If Plaintiff turned the matter over entirely to Phelps, Phelps should have been more careful in watching the appeal deadline and should have advised Plaintiff to appeal to the court well before October 22, 2007. In any event, the responsibility falls ultimately on Plaintiff, and Plaintiff missed the deadline. Accordingly, Defendant's request for dismissal must be granted. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's Complaint is dismissed as untimely under ORS 305.270(5)(b) and ORS 305.280(2).
Dated this ______ day of March 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on March 6, 2008.The Court filed and entered this document on March 6, 2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005.
[2] The statutes referenced in the body of this decision provide that the notice of proposed adjustment is final in 30 days, and that the taxpayer then has 90 days to appeal. If a notice was issued on a Thursday a straight 120 day count would bring you to a Friday. However, 30 days from the hypothetical Thursday notice is a Saturday, and under ORS 305.820(2), the date of finality would shift to the following Monday. The 90-day appeal period from that Monday would fall on a Sunday (two days past the straight 120-day Friday deadline), which under Tax Court Rule (TCR) 10 A(1), shifts the appeal deadline forward to the following Monday. Both the Department and the Tax Court measure the timeliness of an appeal by the postmark date, and under the above hypothetical the taxpayer would have three additional days to mail an appeal to the Tax Court.
[3] Plaintiff's notice became final on July 23, 2007 (because the 30th day was Sunday, June 22). Ninety days from July 23, 2007, was October 21, 2007, a Sunday, which moves the deadline to Monday, October 22, 2007. *Page 1